## DURHAM *vs.* HARTLETT.

When D. & H. enter into a copartnership in a brick-yard, D. giving H. his note for a portion of the brick then on hand, his share of the rent of the yard for three years, and the brick to be made thereon, and they dissolve at the end of eleven months, D. having paid a part of the note in the meantime, and the former partners specify minutely what each is to do, in settling up the business, and no reference is made to the note ; the presumption is that D. is bound to pay the balance due thereon.

Complaint in Dougherty Superior Court. Tried before Judge ALLEN, at the June Term, 1860.

The facts and questions presented by the record in this case, are as follows, to-wit :

On the 29th of June, 1854, Daniel Hartlett and Lindsey H. Durham entered into a written contract of partnership, " in the business of making and selling bricks," in the city of Albany, which was to continue for three years, unless dissolved by mutual consent. Hartlett had a brick yard near Albany, with some 30,000 bricks on hand. Durham gave Hartlett his note for $456, payable the first of October, 1854,

and furnished one two-horse wagon, which, under the contract, was to entitle him to one-half interest in all the bricks then in the yard, (except 12,000, which belonged to Hartlett individually,) and to one-half of all that might be made during the continuance of the partnership. Hartlett then had three negroes employed in the yard, which he was to furnish during that year, and the balance of the hands were to be paid for by the firm, to be styled Daniel Hartlett & Co. Hartlett was also to furnish the horses he then had in use, for the year 1854, which were to be fed by the firm. Hartlett was to give the business his whole attention, and to furnish Durham with a weekly statement of the expenses of the concern, as well as all sums of money received, and all bricks sold, which Durham was to keep properly, in books, in which books each partner was to enter all moneys received and paid out by him for the firm—the books to be, at all times, subject to the inspection of each partner. Under the contract, neither partner could transfer his interest in the concern, without the other's consent, nor bind the firm in any way without the consent of the other partner.

The business continued until the 28th of May, 1855, when the partnership was dissolved by written agreement of the partners, in which it was stipulated, " that the books of the firm should be turned over to Messrs. Hines & Hobbs for collection, who were also to pay any debt against the firm, the justness of which was admitted by either partner, for the year 1854 or 1855; that Hartlett should take the brick machines at cost and expenses, and all the negroes hired by the firm, (except Dew's boy,) at the amount given for them, which should be charged to him as cash, and he was to take up the notes given by the firm for their hire; Durham was to take Dew's boy, at the price for which he was hired, and take up the notes given by the firm for the hire; that these notes should be paid promptly; that Durham was to take the brick on the kiln, at $7 per thousand, to be counted out to him by one chosen by the partners, and the amount to be charged to him as cash.

After the dissolution of the partnership, Hartlett occupied

and used the brick-yard for his individual benefit, for several years, and until he sold it to one Jared Irwin.

On the first day of October, 1854, Durham paid Hartlett two hundred dollars on the note given for half-interest in the brick-yard, at the formation of the partnership, which sum was entered as a credit on the note.

On the 13th of May, 1856, Hartlett instituted an action against Durham, to recover the balance due on the note.

Durham pleaded a failure of consideration, and relied on the facts hereinbefore stated to sustain the plea.

The jury found against the plea.

Counsel for Durham then moved for a new trial, on the following grounds:

1. Because the verdict of the jury was contrary to the law and evidence of the case.

2 Because the verdict was against the weight of evidence.

3. Because the verdict was without evidence, and against the evidence of the plaintiff.

The presiding Judge refused the new trial, and that decision is the error alleged in this case.

VASON & DAVIS, for plaintiff in error.

HINES & HOBBS and WARREN & WARREN, for defendant in error.

*By the Court.*—LUMPKIN, J., delivering the opinion.

Durham & Hartlett entered into a co-partnership in a brick-yard. Durham gave his note for one-half of the 30,-000 bricks then on hand, excepting 12,000, and for one-half of the yard and the brick to be made for three years. The partnership continued eleven months, and was dissolved. Durham had, in the meantime, paid $200 on his note, and he insists that this payment covered the full amount of his liability in the $500 note. The jury, upon the testimony, found otherwise. The Court refused to grant a new trial, and we do not feel constrained to reverse his judgment.

The articles of copartnership, as well as the terms of dis-

solution, are both in writing.   In the latter, what each of the former partners is to do, is specified, and not a word is said about this note.   Is not the presumption almost irresistible that it was to be paid ?   Otherwise, why was it not given up to Durham ?

Judgment affirmed.